NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS LOYO and ROSE LOYO, his wife,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN AIRLINES, and JOHN DOES 1-10 (representing presently unidentified individuals, businesses and/or corporations who owned, operated, maintained, supervised, designed, constructed, repaired, controlled the premises in question),<br><br>　　　　　Defendants. | CIVIL ACTION NO. 05-1896 (DRD)<br><br>**O P I N I O N** |

Alex R. Desevo, Esq.
LEVINSON AXELROD
Levinson Plaza
2 Lincoln Highway
PO Box 2905
Edison, NJ 08818-2905

　　*Attorneys for Plaintiffs*

John V. Mallon, Esq.
CHASAN LEYNER & LAMPARELLO, P.C.
300 Harmon Meadow Boulevard
Secaucus, NJ 07094-3621

　　*Attorneys for Defendant American Airlines*

**DEBEVOISE, Senior District Judge**

　　This case comes before the Court on the motion of the Plaintiffs, Carlos Loyo ("Loyo")

and Rose Loyo, for remand to the New Jersey Superior Court. The case was originally filed in

1

New Jersey Superior Court on March 7, 2005.  The Defendants, American Airlines and John Does, removed to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332.  Loyo does not deny diversity of citizenship but contends that this Court does not have subject matter jurisdiction because the amount in controversy threshold of $75,000 has not been met.  For the reasons stated below, Plaintiff's motion for remand will be denied.

## I. FACTS

Loyo worked as an airplane cleaner for American Airlines.  (Compl. at 1.)  On August 15, 2003, Loyo fell and was injured while working.  (*Id.*)  Dr. Milazzo, Loyo's doctor, filed a report stating that Loyo sustained a meniscal tear in his left knee and underwent surgery as well as a series of synvisc injections to his knee.  (Mallon Cert. Ex. A.)  Dr. Milazzo also indicated that "[a]s a result of his injury, [Loyo] lives in pain."  (*Id.*)  According to Dr. Milazzo, Loyo has a "permanent partial disability of 60% to the left knee."  (*Id.*)  He has a limp, has problems climbing stairs, walking, riding his bike, and is unable to squat or kneel or change directions suddenly.  (*Id.*)  Loyo will "continue to experience exacerbations and accelerated degeneration within the left knee joint necessitating future medical treatment."  (*Id.*)  Loyo's claim for damages is subject to a worker's compensation lien that totaled $18, 780.61 for hospital and medical expenses as well as "temporary compensation," as of August 6, 2004.  (Mallon Cert. Ex. C.)  Loyo's complaint in the New Jersey Superior Court did not specify a specific amount of damages, pursuant to New Jersey Rule 4:5-2.  However, the complaint states that Loyo "was caused to suffer great pain and will be caused to suffer great pain in the future; he was caused to incur expenses and will be caused to incur medical expenses in the future; and he was caused to suffer permanent injury." (Compl. at 2.)  Plaintiffs' counsel has made a settlement demand in this

matter for $85,000.  (Mallon Cert. Ex. D.)

## II.  DISCUSSION

**A.     Legal Standard**

Removal is proper when a federal court would have had original jurisdiction in the case had the case been filed originally in federal court.  28 U.S.C. § 1441(a).  It is the burden of the party requesting jurisdiction to demonstrate that jurisdiction exists.  *Boyer v. Snap-On Tools Corporation*, 913 F.2d 108, 111 (3d Cir. 1990).  If the district court determines that it lacks subject matter jurisdiction, the case must be remanded.  28 U.S.C. § 1447(c).  Here, Defendants do not allege federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Instead, the Defendants contend that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  28 U.S.C. § 1332 grants subject matter jurisdiction only when the plaintiff and defendants have diverse citizenship and the amount in controversy is $75,000, exclusive of interest and costs.  Loyo agrees that the parties are diverse.  (Pl.'s Br. at 2-3.)  However, Loyo argues that the case should be remanded because the Defendants cannot "establish, to a legal certainty, that the amount in controversy exceeds the jurisdictional threshold."  (Pl.'s Br. at 2.)

Plaintiff's counsel has misstated the appropriate legal standard governing this case.  Defendants are **not** required to establish to a legal certainty that the amount in controversy **does exceed** the jurisdictional threshold.  Rather, only if it appears to a legal certainty that the amount in controversy does not exceed the jurisdictional threshold, should the case be remanded.  In other words, Plaintiff has reversed the proper legal standard in his argument.

The Third Circuit has recently clarified the legal standard that governs a plaintiff's motion to remand because the amount in controversy requirement for diversity jurisdiction has

3

not been met. The Court stated: "we recommend that when the relevant facts are not in dispute or findings have been made the District Courts adhere to the "legal certainty" test cited in such cases as Meritcare, 166 F.3d 214; Packard, 994 F.2d 1039; Bloom v. Barry, 755 F.2d 356 (3d Cir.1985); and Nelson v. Keefer, 451 F.2d 289 (3d Cir.1971)." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir 2004). Disputed facts relevant to the amount in controversy requirement must be proven by a preponderance of the evidence before applying the legal certainty test. *Samuel-Bassett*, 357 F.3d at 398.

The cases cited by the Third Circuit establish that the legal certainty test requires that it appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify remand. *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir.1993); *see Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir.1999) (holding that when "it appears to a legal certainty that the plaintiff was never entitled to recover the minimum amount set by Section 1332, the removed case must be remanded"); *Bloom v. Barry*, 755 F.2d 356, 358 (3d Cir. 1985) (holding "the court properly applied the "legal certainty" test with respect to jurisdictional amount announced in Saint Paul Mercury Indemnity Co. v. Red Cab Co,"); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (stating, "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal,").[1] In contrast, the Third Circuit did not adopt the standard that Loyo advocates, classifying it as the "***inverted***

---

[1] *See Also* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3702 (3d ed. Supp. 2005) ("Once the propriety of the amount in controversy is challenged, the party seeking to invoke the subject matter jurisdiction of the federal courts has the burden of proving its existence under the St. Paul Mercury case by showing that it does not appear to a legal certainty that the claim for relief is for less than the statutorily prescribed jurisdictional amount. This basic proposition has been applied in numerous cases at all levels of the federal court system,").

legal certainty approach." *See Samuel-Bassett*, 357 F.3d at 397 (emphasis added) (stating "[o]ther versions have included . . . adoption of the inverted legal certainty approach, in which the defendant must prove to a legal certainty that the plaintiff's damages are not less than $75,000").[2]

Thus, in order to avoid remand, the Defendants need only demonstrate that it is not apparent to a legal certainty that the Plaintiffs are entitled to less than $75,000.

**B.      Whether Remand is Proper**

In this case, because a verdict for damages above the jurisdictional amount would be reasonable, remand is improper. Loyo's medical bills and temporary compensation have already totaled almost $19,000, and Dr. Milazzo concluded that Loyo "will continue to experience exacerbations and accelerated degeneration within the left knee joint necessitating future medical treatment." (Mallon Cert. Ex. A.) Thus the costs of future medical treatment could be included in a judgment for Loyo. In addition, Loyo has a "permanent partial disability of 60%" in his knee, walks with a limp, and lives in pain according to Dr. Milazzo. (*Id.*) Loyo was also laid off from his job. (*Id.*) In these circumstances, Loyo could be entitled to more than $75,000, due to

---

[2] In fairness to Loyo, the Third Circuit in dicta, states: "We recognize that requiring a defendant to show to a legal certainty that the amount in controversy exceeds the statutory minimum may lead to somewhat bizarre situations." *Samuel-Bassett*, 357 F.3d at 398. This would seem to indicate that the Court adopted Loyo's proposed standard. However, in light of all of the cases *Samuel-Bassett* cited defining the legal certainty standard, as well as the Court's defining Loyo's proposed standard as the "inverted legal certainty approach," it seems clear that Third Circuit adopted the standard set out in this opinion. In fact, *Samuel-Bassett* stated, "Several District Courts have applied the legal certainty standard. See, e.g., McDonough v. Crum & Forster Pers. Ins., 1992 WL 114951, at *3 (E.D.Pa.1992)." 357 F.3d at 396. *McDonough* held that, "[t]he amount in controversy will be deemed satisfied unless it is appears to a legal certainty that plaintiff's claim is for less than the jurisdictional amount." 1992 WL 114951 at *2-3.

accrued and continuing medical costs, loss of work, loss of 60% use of the knee, and pain and suffering.  Furthermore, Plaintiff's counsel has demanded $85,000 to settle this matter.  Thus, this Court cannot say to a legal certainty that Loyo's claim is really for less than the jurisdictional threshold of $75,000.  Therefore, remand would be improper.

### III.  CONCLUSION

This Court will deny Loyo's motion for remand because the Court finds that it is not apparent to a legal certainty that Loyo's claim is really for less than the jurisdictional threshold.


/s/ Dickinson R. Debevoise

DICKINSON R. DEBEVOISE, U.S.S.D.J.


DATED: July 18, 2005